```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
                     CAMDEN VICINAGE
```

| | |
|---|---|
| THOMAS RUST,<br><br>      Plaintiff,<br><br>  v.<br><br>AEROTEK, et al.,<br><br>      Defendants. | Civil No. 08-3123 (JHR) |

## SCHEDULING ORDER

This Scheduling Order confirms the directives given to counsel at the scheduling conference pursuant to Rule 16, Federal Rules of Civil Procedure on September 3, 2008; and the Court noting the following appearances: D. Kurkowski, Esquire, appearing on behalf of the plaintiff; and Nina K. Markey, Esquire, appearing on behalf of the defendant Aerotek.

IT IS this **3rd** day of **September, 2008**, hereby **ORDERED**:

1. Counsel shall make FED. R. CIV. P. 26(a) disclosures on or before **September 30, 2008**.

2. Initial written discovery requests shall be served by **September 30, 2008**. Any responses, answers and objections to initial written discovery requests shall be served in accordance with Court Rules.

3. By **September 30, 2008**, plaintiff shall serve defendants with a written settlement demand.

4. The time within which to seek amendments to the pleadings or to add new parties will expire on **October 15, 2008**.

5. Pretrial factual discovery is hereby extended to **December 15, 2008**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. CIV. R. 37.1(a)(1) shall be made before the expiration of pretrial factual discovery.

6. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

      7.    All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of plaintiff shall be served upon counsel for defendants no later than **November 14, 2008.** All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of defendants shall be served upon counsel for plaintiff no later than **December 15, 2008.** Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **January 15, 2009.**

      For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment.  However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

      The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

      8.    **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **February 2, 2009.** Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1(c), (d) and (e), 56.1 and 78.1 (Motion Practice - Generally).

      9.    The Court will conduct a telephone status conference on **October 14, 2008 at 9:30 a.m**. **Counsel for plaintiff shall initiate the telephone call.**

      10. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER F**ED**. R. C**IV**. P. 16(f).**

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge
